IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MARIA MENDES**,<br><br>    Plaintiff,<br><br>vs.<br><br>**MAGA CAR, LLC, MIGUEL SURIEL**, **individually,     SANTIAGO    PEREZ**, **individually, MIGUEL SURIEL, individually**, **ANGEL ARMIJO, individually,**<br>**and NELSON RIVERA, individually,**<br><br>    Defendants. | **COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiff, MARIA MENDES ("Plaintiff" or "Mendes"), by and through her attorneys, upon personal knowledge as to herself and upon information and belief as to other matters, brings this Complaint against Defendants MAGA CAR, LLC, ("Maga Car" or "Defendant") MIGUEL SURIEL, individually, SANTIAGO PEREZ, individually, ANGEL ARMIJO, individually, and NELSON RIVERA, individually, and alleges as follows:

### INTRODUCTION

1.  Plaintiff brings this lawsuit seeking recovery against Defendants for Defendants' violations of the Fair Labor Standards Act, as amended (the "FLSA" or the "Act"), 29 U.S.C. §201 et. seq. and the New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56a et seq. ("NJWHL").

### JURISDICTION AND VENUE

2.  This Court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and by 29 U.S.C. § 216(b).

1

3. This Court has subject matter jurisdiction over Plaintiff's NJWHL claims pursuant to 28 U.S.C. §§ 1332 and 1367.

4. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

5. At all times material hereto, Plaintiff performed non-exempt secretarial and dispatch duties for the Defendants, whose business is headquartered in Elizabeth, Union County, New Jersey, and is thus within the jurisdiction and venue of this Court.

6. Upon information and belief, at all times relevant to this Complaint, the Defendant Maga Car, employs individuals to perform labor services in furtherance of the Defendants' limousine transportation business.

7. Upon information and belief, at all times relevant to this Complaint, the Defendant Maga Car's annual gross volume of sales made or business done was not less than $500,000.00.

8. At all times pertinent to this Complaint, the Defendant, Maga Car, was an enterprise engaged in interstate commerce or in the production of interstate goods for commerce as defined by the Act, 29 U.S.C. §§ 203(r) and 203(s). Defendants are in the business of providing limousine transportation services, including but not limited to transporting clients across state lines.

9. Alternatively, Plaintiff worked in interstate commerce, i.e., using the tools and products, which moved through interstate channels so as to produce an end product for Defendant's consumers, i.e. securing insurance coverage for automobiles, communicating with insurance companies regarding claims. Thus, Plaintiff falls within the protections of the Act.

10. Defendants Miguel Suriel, Santiago Perez, Angel Armijo, and Nelson Rivera, directly or indirectly acted in the interest of an employer towards Plaintiff at all material times, including, without limitation, directly or indirectly controlling the terms of employment of Plaintiff.

11. Defendants are therefore within the personal jurisdiction and venue of this Court.

## PARTIES

12. Plaintiff is an individual residing in Elizabeth, Union County, New Jersey.

13. Plaintiff became employed by Defendants as a secretary and a dispatcher in or about June, 2016, and remains Defendants' employee to date.

14. Upon information and belief, Defendant Maga Car, is a New Jersey limited liability company, which operates as a limousine company, transporting its passengers in and about New Jersey and the tri state area, and is headquartered in Elizabeth, Union County, New Jersey.

15. Upon information and belief, Defendant Miguel Suriel is a New Jersey state resident.

16. Upon information and belief, Defendant Santiago Perez is a New Jersey state resident.

17. Upon information and belief, Defendant Angel Armijo is a New Jersey state resident.

18. Upon information and belief, Defendant Nelson Rivera is a New Jersey state resident.

19. Upon information and belief, at all times relevant to this Complaint, individual Defendant Miguel Suriel has been an owner, partner, officer and/or manager of the Defendant Maga Car, LLC.

20. Upon information and belief, at all times relevant to this Complaint, individual Defendant Miguel Suriel has had power over personnel decisions at the Defendant Maga Car, including the management of day to day operations, control over employee pay practices and the power to change same, and the power to hire and fire employees, set their wages, and otherwise control the terms of their employment.

21. Upon information and belief, at all times relevant to this Complaint, individual Defendant Santiago Perez has been an owner, partner, officer and/or manager of the Defendant Maga Car, LLC.

22. Upon information and belief, at all times relevant to this Complaint, individual Defendant Santiago Perez has had power over personnel decisions at the Defendant Maga Car business, including the management of day to day operations, control over employee pay practices and the power to change same, and the power to hire and fire employees, set their wages, and otherwise control the terms of their employment.

23. Upon information and belief, at all times relevant to this Complaint, individual Defendant Angel Armijo has been an owner, partner, officer and/or manager of the Defendant Maga Car, LLC.

24. Upon information and belief, at all times relevant to this Complaint, individual Defendant Angel Armijo has had power over personnel decisions at the Defendant Maga Car business, including the management of day to day operations, control over employee pay

practices and the power to change same, and the power to hire and fire employees, set their wages, and otherwise control the terms of their employment.

25. Upon information and belief, at all times relevant to this Complaint, individual Defendant Nelson Rivera has been an owner, partner, officer and/or manager of the Defendant Maga Car, LLC.

26. Upon information and belief, at all times relevant to this Complaint, individual Defendant Nelson Rivera has had power over personnel decisions at the Defendant Maga Car business, including the management of day to day operations, control over employee pay practices and the power to change same, and the power to hire and fire employees, set their wages, and otherwise control the terms of their employment.

## FACTS

27. Based upon the information preliminarily available, and subject to discovery in this cause, Defendants did not properly compensate Plaintiff for all overtime hours worked in a work week.

28. Plaintiff works 5 days per week.

29. Plaintiff routinely works approximately fifty (50) hours per week.

30. Despite that Plaintiff routinely works more than forty (40) hours per work week, Plaintiff is paid $15.00 for all hours worked.

31. Plaintiff is never paid at an overtime rate for hours worked in excess of forty (40) in a work week.

32. Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA and NJWHL, as described in this Complaint.

33. At all times material hereto, Plaintiff was and is performing her duties for the benefit of and on behalf of Defendants.

34. This cause of action is brought to recover from Defendants overtime compensation, liquidated damages, and the costs and reasonable attorneys' fees under the provisions of 29 U.S.C. §216(b), as well as applicable provisions of NJWHL, on behalf of Plaintiff during the material time.

35. The records, if any, concerning the number of hours worked by Plaintiff are in the possession and custody of Defendants.

36. The records, if any, concerning the compensation actually paid to Plaintiff are in the possession and custody of Defendants.

37. At all times pertinent to this complaint, Defendants failed to comply with Title 29 U.S.C. §§ 201-209, as well as applicable provisions of the NJWHL, in that Plaintiff performed services and labor for Defendants for which Defendants made no provision to pay Plaintiff compensation to which she was lawfully entitled for all of the hours worked in excess of forty (40) within a work week.

38. Plaintiff has retained the law office of Jaffe Glenn Law Group, P.A. to represent her individually and incurred attorneys' fees and costs in bringing this action. Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recovery of reasonable attorneys' fees and costs.

### COUNT I
### RECOVERY OF OVERTIME COMPENSATION
### PURSUANT TO THE FLSA

39. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in Paragraphs 1 through 38 above.

6

40.     Plaintiff is entitled to be paid time and one-half her regular rate of pay for each and every overtime hour worked per work period.

41.     Defendants knowingly and willfully failed to pay Plaintiff at time and one half of her regular rate of pay for here overtime hours worked in a work period.

42.     By reason of the said intentional, willful, and unlawful acts of Defendants, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

43.     As a result of Defendants' willful violations of the Act, Plaintiff is entitled to liquidated damages.

## COUNT II
## RECOVERY OF OVERTIME COMPENSATION
## PURSUANT TO THE NJWHL

44.     Plaintiff re-alleges and incorporates here by reference, all allegations contained in Paragraphs 1 through 43 above.

45.     Defendants' aforementioned conduct is in violation of the NJWHL.

46.     As a direct and proximate cause of Defendants' actions, Plaintiff suffered damages, including but not limited to past lost earnings.

47.     Plaintiff demands a jury trial.

WHEREFORE, Plaintiff MARIA MENDES, demands judgment, against Defendants, MAGA CAR, LLC, MIGUEL SURIEL, individually, SANTIAGO PEREZ, individually, ANGEL ARMIJO, individually, and NELSON RIVERA, individually, for the payment of compensation for all overtime hours at one and one-half times her regular rate of pay for the hours worked by her for which she has not been properly compensated, liquidated damages, reasonable attorneys' fees and costs of suit, and for all other appropriate relief.

Dated: September 22, 2017　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　s/ Andrew I. Glenn
　　　　　　　　　　　　　　　　　　　　Andrew I. Glenn, Esquire
　　　　　　　　　　　　　　　　　　　　E-mail: AGlenn@JaffeGlenn.com
　　　　　　　　　　　　　　　　　　　　New Jersey Bar No.: 026491992
　　　　　　　　　　　　　　　　　　　　Jodi J. Jaffe, Esquire
　　　　　　　　　　　　　　　　　　　　E-mail: JJaffe@JaffeGlenn.com
　　　　　　　　　　　　　　　　　　　　New Jersey Bar No.: 022351993
　　　　　　　　　　　　　　　　　　　　**JAFFE GLENN LAW GROUP, P. A.**
　　　　　　　　　　　　　　　　　　　　301 N. Harrison Street, Suite 9F, #306
　　　　　　　　　　　　　　　　　　　　Princeton, New Jersey 08540
　　　　　　　　　　　　　　　　　　　　Telephone: (201) 687-9977
　　　　　　　　　　　　　　　　　　　　Facsimile: (201) 595-0308
　　　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiff*